UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

AUG 1 2025 AM 9:53
FILED - USDC - NDTX - AM

PATRICIA JONES,
an individual,

    *Plaintiff,*

vs

CBS BROADCASTING INC., a New York corporation and CBS INTERACTIVE INC., a Delaware corporation,

    *Defendants.*

Case No. 2-25CV-173-Z

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff PATRICIA JONES, an American citizen and voter in the 2024 Presidential Election, brings this action against Defendants CBS BROADCASTING INC. and CBS INTERACTIVE INC. (Defendants, together, and with any and all affiliates and subsidiaries, "CBS"), and alleges as follows:

## INTRODUCTION

This action concerns CBS and their unlawful acts of election and voter interference through malicious and deceptive actions in editing and broadcasting an interview with Vice President Kamala Harris on 60 Minutes, which contained significant news distortion intended to (a) confuse, deceive, and mislead the public, and (b) attempt to tip the scales in favor of one party during the consequential 2024 Presidential election, in violation of Tex. Bus. & Comm. Code § 17.46(a), which subjects "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce" to suit under Tex. Bus. & Comm. Code §17.50(a)(1). See Texas Deceptive Trade Practices-Consumer Protection Act (the "DTPA"), Tex. Bus. & Comm. Code § 17.41 et seq.

CBS's unlawful editing and manipulation of the interview, along with its initial refusal to release the unedited interview transcript, directly interfered with Plaintiff's ability to

1

1  make an informed voting decision in the 2024 U.S. Presidential election.

2        Unbeknownst to the Plaintiff, CBS's deceptive editing fundamentally altered the content of the interview, transforming Kamala Harris's incoherent and jumbled response into a polished, articulate statement. This manipulation misled Patricia Jones and millions of other voters about Harris's qualifications and readiness for the office, ultimately depriving voters of the honest, unfiltered information needed to make an informed decision in a pivotal election.

## FACTUAL ALLEGATIONS

On October 6, 2024, CBS aired the interview with Vice President Kamala Harris, in which she was questioned about U.S. foreign policy regarding the Israel/Gaza war. The segment was heavily edited, omitting the true, unedited version of Harris's response and instead airing a doctored version of the interview that presented her as coherent and articulate.

The unedited version of Harris's response, however, revealed a jumbled and incoherent answer. This was conveniently edited out of the broadcast in favor of a false and misleading version, which portrayed her as confident and competent—an image that, unbeknownst to viewers, was not representative of the truth.

Following the public revelation of this deceptive editing, CBS repeatedly refused to release the full, unedited transcript of the interview, despite multiple requests for transparency. This refusal to disclose the full content of the interview further compounded the misleading nature of the broadcast and left the Plaintiff, along with millions of other viewers, without access to the truthful version of the interview leading up to the 2024 Presidential election.

CBS's interview served as a key source of information for Patricia Jones, in evaluating Kamala Harris's capabilities, leadership qualities, and readiness to serve. The edited version of the interview, however, misrepresented these qualities, leaving the Plaintiff with a false impression of Harris's abilities and distorting her understanding of the candidate's qualifications.

CBS's actions, including deceptive editing and their refusal to release the unedited transcript, were unlawful and violated consumer protection laws designed to ensure that millions of voters, including the Plaintiff, are not misled or deprived of accurate information

about political candidates, especially during an election.

In short, to camouflage Kamala's incoherent language weaknesses, CBS used its national platform on 60 Minutes to cross the line from the exercise of judgment in reporting to deceitful and deceptive manipulation of news.

On October 5 and 6, 2024, CBS News aired two different versions of its 60 Minutes interview (the "Interview") with Kamala, conducted by CBS News journalist Bill Whitaker ("Whitaker").

In both versions of the Interview (the "October 5 Version" and the "October 6 Version"), Whitaker asks Kamala about Israeli Prime Minister Benjamin Netanyahu. Whitaker says to Kamala: "But it seems that Prime Minister Netanyahu is not listening."

In the October 5 Version, aired on the CBS Sunday morning news show Face the Nation, Kamala replies to Whitaker with a convoluted answer: "Well, Bill, the work that we have done has resulted in several movements in that region by Israel that were very much prompted by or a result of many things, including our advocacy for what needs to happen in the region."

In the October 6 Version, aired on CBS's 60 Minutes, Kamala appears to reply to Whitaker with a completely different, more succinct answer: "We are not gonna [sic] stop pursuing what is necessary for the United States to be clear about where we stand on the need for this war to end."

The transcript below reflects Whitaker's introduction and subject exchange with Kamala, using the shorter, deceptively clearer, doctored October 6 Version of her answer, rather than the jumbled October 5 Version:

<u>Bill Whitaker</u>: *We supply Israel with billions of dollars in military aid, and yet Prime Minister Netanyahu seems to be charting his own course. The Biden-*

<u>Vice President Harris</u>: *The work that we do diplomatically with the leadership of Israel is an ongoing pursuit around making clear our principles.*

<u>Bill Whitaker</u>: *But it seems that Prime Minister Netanyahu is not listening.*

<u>Vice President Harris</u>: *We are not gonna stop pursuing what is necessary for the United States to be clear about where we stand on the need for this war to end.* Id.

3

Blatantly missing from the transcript of the aired interview, as well as the video posted on the 60 Minutes website, is Kamala's original incoherent answer to Whitaker's statement about Prime Minister Netanyahu.

On October 20, 2024, following President Donald Trump's public revelations of the manipulated interview, and in an unsuccessful attempt to stop the bad press — but without providing transparency, CBS News released a statement (the "October 20 Statement") conceding that President Trump was accurate in his assertion that the Interview with Kamala was doctored to confuse, deceive, and mislead the American People in order to try and interfere in the election on behalf of Kamala. See CBS News, A statement from 60 Minutes (Oct. 20, 2024), https://www.cbsnews.com/news/60-minutes-statement/ (last visited Oct. 31, 2024).

As President Trump stated, and as evidenced in the video he referenced and attached, "A giant Fake News Scam by CBS & 60 Minutes. Her REAL ANSWER WAS CRAZY, OR DUMB, so they actually REPLACED it with another answer in order to save her or, at least, make her look better. A FAKE NEWS SCAM, which is totally illegal. TAKE AWAY THE CBS LICENSE. Election Interference. She is a Moron, and the Fake News Media wants to hide that fact. An UNPRECEDENTED SCANDAL!!! The Dems got them to do this and should be forced to concede the Election? WOW!"). See President Donald J. Trump, TRUTH SOCIAL (Oct. 10, 2024).

Indeed, it is a matter of public record that "CBS cut portions of Kamala's answer to a question about the war in Gaza in its initial broadcast, but it later provided [an allegedly] full transcript of her remarks online."

*"Rigging or slanting the news is a most heinous act against the public interest— indeed, there is no act more harmful to the public's ability to handle its affairs."* — FCC Complaint at p2 (quoting In Re Complaints Covering CBS PROGRAM "HUNGER IN AMERICA," 20 F.C.C. 2d 143, 151 (Oct. 15, 1969)). This is particularly true as "[b]roadcasters are public trustees licensed to operate in the public interest and, as such, may not engage in intentional falsification or suppression of news." See id. (quoting In re Application of KMPA, Inc., 72 F.C.C. 2d 241, 244 (June 12, 1979)).

1  CBS further misled and deceived the Plaintiff, along with millions of people in Texas
2  and this District—and violated the broadcast distortion policy—because the source of
3  Kamala's edited answer in the Interview was not, in fact, Kamala, but rather CBS taking its
4  editorial pen to confuse viewers as to what she said. The edited broadcast created confusion
5  because that was CBS's intent: to do whatever it took to portray Kamala as intelligent, well-
6  informed, and confident when, in fact, it has since become evident that she is none of these.

7  Where, as in this case, CBS and its employees know of the false, deceptive, or
8  misleading acts or practices, liability attaches. Here, CBS and the producers of 60 Minutes
9  knew they were doctoring the interview and its transcript to try and help Kamala and confuse
10  the electorate.

11  Simply put, CBS's editorial misconduct here gives rise to liability under the DTPA in
12  three respects: (a) CBS's misconduct "caus[ed] confusion or misunderstanding" to millions of
13  Americans, and in particular residents of Texas, "as to the source, sponsorship, approval, or
14  certification of" CBS's broadcast "services," rendering it impossible for even the most
15  discerning viewers to determine whether the 60 Minutes interview was independent journalism
16  or de facto advertising for the Kamala Campaign; (b) CBS's misconduct "caus[ed] confusion
17  or misunderstanding as to" CBS's "affiliation, connection, or association with" Kamala and
18  her Campaign and caused "confusion or misunderstanding" as to the Interview's "certification
19  by" CBS given its legal obligation to broadcast news in a non-distortive manner; and (c) CBS's
20  misconduct was unconscionable because it amounts to a brazen attempt to interfere in the 2024
21  U.S. Presidential Election.

## LEGAL CLAIMS

**Violation of the DTPA** – Texas Business and Commerce Code § 17.46(a)

CBS's deceptive editing constitutes a violation of the **Texas Deceptive Trade Practices Act (DTPA)**, which prohibits false, misleading, or deceptive acts or practices in commerce. CBS's manipulation of the interview and its refusal to release the unedited transcript misled the Plaintiff and other voters, impacting their ability to make an informed decision in the election.

**False, Misleading, and Deceptive Acts**–Texas Business & Commerce Code § 17.46(b)

5

CBS's actions, including doctoring the interview to create a false image of Kamala Harris, resulted in confusion and misled millions of Americans, including the Plaintiff and residents of Texas and this District. The broadcast misrepresented the actual content of Harris's responses, leading to a distorted view of her qualifications and abilities. By doing so, CBS violated provisions of the DTPA that prohibit false, misleading, or deceptive practices.

**Unconscionable Conduct** – Texas Business and Commerce Code § 17.50(a)(3)

CBS's actions also amount to unconscionable conduct under the DTPA. The network's deliberate manipulation of the interview in the midst of a heated presidential election constitutes an intentional attempt to sway public opinion and interfere with the electoral process, thus depriving voters like Patricia Jones of their right to make an informed decision.

**Violation of the Broadcast Distortion Policy** – 47 U.S.C. § 309(a)

CBS's deceptive editing and refusal to release the unedited transcript of the interview violate the **Federal Communications Commission (FCC)** news distortion policy. By broadcasting a manipulated version of the interview, CBS caused confusion regarding the true nature of Kamala Harris's response, leading voters like Patricia Jones to form an inaccurate opinion of her qualifications. This distortion was significant, occurring in the critical final weeks before the 2024 election.

**Fraud and Misrepresentation** – Fraudulent Practices

CBS engaged in fraudulent practices by intentionally altering the content of the interview to mislead viewers. By presenting a false image of Kamala Harris, CBS engaged in a concerted effort to deceive the Plaintiff and other voters, thereby affecting their ability to make an informed and fair voting decision.

### Impact on American Voters

As a voter who trusted the integrity of CBS and its programming, the Plaintiff was directly harmed by CBS's unlawful actions. CBS's deceptive editing and refusal to provide the unedited interview before the Presidential Election of 2024, deprived the Plaintiff and other voters of their right to honest and transparent media coverage during a crucial election period.

The editing of Kamala Harris's interview, which was distorted to make her appear more

capable and intelligent than she actually was, influenced public perception of her candidacy and, in turn, interfered with the democratic process. By withholding the unedited interview, CBS denied the Plaintiff the opportunity to fully understand the candidate's true capabilities, undermining her ability to vote based on an accurate assessment of the candidates.

## THE PARTIES

1. Patricia Jones is a citizen of the United States, and a resident of the State of Texas.
2. Defendant CBS BROADCASTING INC. is a New York corporation with its principal place of business in New York, New York.
3. CBS BROADCASTING INC. is a nonresident who engages in business in this state. Therefore, the Texas Secretary of State is CBS BROADCASTING INC.'s agent for service of process and the Texas Secretary of State may be served with process and may forward such process to CBS BROADCASTING INC.'s New York registered agent for service, Corporation Service Company, 80 State Street, Albany, NY 12207.
4. Defendant CBS INTERACTIVE INC. is a Delaware corporation with its principal place of business in New York, New York.
5. CBS INTERACTIVE INC. is a nonresident who engages in business in this state. Therefore, CBS INTERACTIVE INC. may be served via its registered agent for service in the State of Texas, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.
6. CBS, through CBS BROADCASTING INC. and CBS INTERACTIVE INC., operates a media organization with global reach that broadcasts commentary and analysis on politics, finance, business, and other matters of public importance or interest, chiefly through CBS News. The CBS programming portfolio includes Face the Nation and 60 Minutes, the long-running and well-known programs at issue here. CBS engages in extensive advertising in Texas and this District, and CBS's programs, including Face the Nation and 60 Minutes, are broadcast daily in Texas and to Texas residents. See https://www.cbsnews.com/texas/program-guide/ (last visited Oct. 31, 2024). CBS maintains a Texas-focused online presence known as

7. CBS News Texas to facilitate this engagement with its Texas audience. See https://www.cbsnews.com/texas/live/ (last visited Oct. 31, 2024). CBS also oversees numerous local affiliates in Texas and employs Texas residents at both the corporate and local levels.

The Court possesses personal jurisdiction over CBS under Tex. Civ. Prac. & Rem. Code §17.042 because CBS, during the operative period alleged in this Complaint, engaged in substantial and not isolated business activities in Texas, and more specifically, in this District.

The Interview was aired in Texas, remains accessible to the general public in Texas, and has been viewed by individuals in Texas.

## JURISDICTION AND VENUE

This Court has jurisdiction over this action under 28 U.S.C. §1332(a), as the parties are diverse and the amount in controversy is greater than $75,000.

By statute, this Court has personal jurisdiction over CBS pursuant to: (a) Tex. Civ. Prac. & Rem. Code §17.042(1) on the grounds that CBS "contracts by mail or otherwise with . . . Texas resident[s]" by providing newspapers and website access in exchange for subscription fees, a contractual arrangement being performed "in whole or in part in [Texas]"; (b) Tex. Civ. Prac. & Rem. Code §17.042(2) on the grounds that CBS committed a tortious act in this state (as alleged in this Complaint); and (c) Tex. Civ. Prac. & Rem. Code §17.042(3) on the grounds that CBS "recruits Texas residents, directly or indirectly through an intermediary located in [Texas], for employment inside or outside [Texas]."

Venue is proper in this district under 28 U.S.C. §1391(b)(2) and (b)(3) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this District by virtue of the Interview being transmitted by CBS into this District (and elsewhere) and because CBS is subject to this Court's personal jurisdiction with respect to this action.

## DEMAND FOR JURY TRIAL

Patricia Jones demands a jury trial as to all issues so triable.

**WHEREFORE**, Plaintiff PATRICIA JONES prays for judgment against Defendants CBS BROADCASTING INC. and CBS INTERACTIVE INC. as follows:

8

1. **Non-economic compensatory damages**; including loss of informed voting rights, dignitary harm, mental anguish, and emotional distress, in an amount to be determined upon the trial of this action but greater than $75,000 and approximated at $250,000;

2. **Exemplary damages**; pursuant to Tex. Civ. Prac. & Rem. Code § 41.003(a) and applicable federal law. Defendants' conduct was fraudulent, malicious, and unconscionable, and carried out with actual awareness of the falsity and deceptiveness of the edited broadcast. Defendants knowingly and intentionally distorted material political content during the 2024 U.S. Presidential Election in order to mislead voters and manipulate public perception for partisan advantage. Such conduct constitutes an egregious violation of public trust and a direct attack on the democratic process. As a result, Plaintiff seeks exemplary damages in an amount to be determined upon the trial of this action but greater than $75,000 and approximated at $2,000,000;

3. The attorney fees and costs associated with this action; and

4. Such other relief as the Court deems just and proper.

Date: June 30, 2025                                   Respectfully submitted,

                                                      _____
                                                      Patricia Jones
                                                      *Plaintiff in Pro Per*



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

RECEIVED
AUG -1 2025
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

US POSTAGE IMI 7957507291143438 20003938312
$11.00
SSK
PM
07/29/25  Mailed from 91362  028W2311558

PRIORITY MAIL®

8.00 oz
RDC 03
C002

PATRICIA JONES
STE 200 from Rm 61
2945 TOWNSGATE RD
WESTLAKE VILLAGE CA 91361-5866

EXPECTED DELIVERY DAY: 08/01/25

SHIP TO:
NORTHERN DISTRICT COURT OF TEXAS
205 SE 5TH AVE, Rm 133
AMARILLO TX 79101-1559

USPS TRACKING® NUMBER

9505 5065 6301 5210 2779 31

RECEIVED
AUG -1 2025
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

PRESS FIRMLY TO SEAL



UNITED STATES POSTAL SERVICE®  |  PRIORITY MAIL

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

TRACKED ■ INSURED

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

how2recycle.info
PAPER POUCH

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

This package is made from post-consumer waste. Please recycle - again.